J-S15004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADRIAN K. AMARA | : | |
| | : | |
| Appellant | : | No. 943 MDA 2022 |

Appeal from the PCRA Order Entered June 10, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006270-2015

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: JULY 14, 2023**

Adrian K. Amara appeals *pro se* from the order that dismissed his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We remand with instructions.

Appellant was convicted in 2017 of several crimes in relation to an illicit drug distribution conspiracy following an investigation by the York County Drug Task Force.  His judgment of sentence of an aggregate term of eleven to twenty-two years of imprisonment became final in 2019 when this Court affirmed it and Appellant failed to seek allowance of appeal from our Supreme Court.  **See Commonwealth v. Amara**, 216 A.3d 372 (Pa.Super. 2019) (unpublished memorandum).  Appellant's first, timely PCRA petition was dismissed as meritless after his counsel was permitted to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and

*Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).
Appellant did not appeal from that dismissal.

Appellant *pro se* filed the PCRA petition at issue in this appeal on January 21, 2022.[1]  Therein, Appellant alleged that three members of the York County Drug Task Force who were involved in the investigation leading to his arrest and who offered evidence at his trial were subsequently dismissed for misconduct, and that this after-discovered evidence entitled him to a new trial. *See* PCRA Petition, 1/21/22, at 41, The PCRA court appointed counsel to file either an amended petition or a *Turner*/*Finley* no-merit letter.

Counsel took the latter course, initially advising Appellant that the petition was untimely because it was not filed within sixty days of Appellant's discovery of the new facts upon which his claim was based.  After recognizing that the petition was timely pursuant to amendments to the PCRA that allowed for such claims to be filed within one year of the discovery of the new facts, counsel opined that the substantive claim lacked merit because the evidence

_____

[1] The petition was dated January 19, 2022, postmarked January 21, 2022, and docketed on January 26, 2022.  Pursuant to the prisoner mailbox rule, the petition was deemed filed when submitted to prison authorities for mailing. *See* Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.").  Whether that date was the 19th, 20th, or 21st does not impact the timeliness of the filing discussed *infra*.  For purposes of our discussion, we opt to use the postmark date for this as well as Appellant's subsequent *pro se* filings.

Appellant discovered was solely impeachment evidence and that it would not be admissible at trial. *See* Petition to Withdraw, 6/6/22, at ¶¶ 24-32, Exhibits A-B.

Appellant did not respond to counsel's withdrawal request or no-merit assessment in the three days before the PCRA court dismissed Appellant's petition without issuing Pa.R.Crim.P. 907 notice of intent to dismiss. *See* Order, 6/9/22. The court adopted the reasoning of counsel's petition to withdraw as the basis for dismissal, and, by separate order entered the same day, granted that petition.

Appellant filed a timely notice of appeal. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.P.A.P. 1925(b). Although the PCRA court's Rule 1925(b) order was deficient,[2] Appellant timely complied, alleging that his claim of after-discovered evidence warranted an evidentiary hearing. *See* Rule 1925(b) Statement, 7/12/22. The PCRA court subsequently authored a Rule 1925(a) opinion explaining why Appellant's claim, while timely, was properly dismissed without a hearing.

---

[2] The order directing Appellant to file his concise statement is of questionable enforceability, as it did not strictly comply with Pa.R.A.P. 1925(b)(3)(iii) (requiring that the order directing the filing and service of the statement shall specify, *inter alia*, the address to which the appellant can mail it). ***See***, ***e.g.***, ***Boyle v. Main Line Health, Inc.***, 272 A.3d 466 (Pa.Super. 2022) (non-precedential decision) (holding that, because the trial court's order was inconsistent with subsection (b)(3)(iii) of Rule 1925, "the waiver provisions of subsection (b)(4)(vii) do not apply").

On December 20, 2022, Appellant filed in this Court an application for relief requesting leave to file an amended Rule 1925(b) statement. Therein, Appellant indicated that he had received additional documents in response to subpoenas that gave rise to issues not preserved in the original statement but that "go hand in hand with other issues that are preserved and a couple that are alone on their own." Petition to File Amended 1925(b) Statement, 12/20/22, at ¶ 4. Appellant contended that he did not wish "to have to argues [*sic*] these issues at a latter [*sic*] date under a new PCRA." *Id*. at ¶ 5.

This Court noted that Appellant had made the request to file an amended statement in the PCRA court on December 14, 2022, and that the PCRA court had entered an order on December 19, 2022, indicating that it lacked jurisdiction to consider it. By order of December 30, 2022, this Court (1) denied Appellant's application without prejudice for Appellant to seek relief in the PCRA court, and (2) directed the PCRA court to rule on the merits of Appellant's December 14, 2022 petition within ten days. To date, the PCRA court has not complied with our order.

In the meantime, Appellant filed his brief in this Court arguing the issues raised in his *pro se* Rule 1925(b) statement plus two instances of PCRA counsel's ineffectiveness that he did not include in the statement. Specifically, Appellant asserted that PCRA counsel was ineffective in failing "to subpoena records . . . in order to further enhance the Appellant's argument." Appellant's brief at 4.

- 4 -

Obviously, the PCRA court's Rule 1925(a) opinion does not address the claims raised for the first time in this Court pursuant to **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) ("[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."). Furthermore, the record presently before us does not allow us to determine whether there is any arguable merit to Appellant's claims of ineffective assistance of PCRA counsel. It appears that the additional information he wishes to reference in his amended Rule 1925(b) statement may relate to Appellant's **Bradley** claims.

Given the lack of a Rule 907 notice of intent to dismiss, the deficiencies in the PCRA court's initial Rule 1925(b) order, its failure to comply with our December 30, 2022 order to rule on the merits of Appellant's request to file an amended Rule 1925(b) statement, and "the crucial nature of post-conviction representation" the **Bradley** decision sought to vindicate, we consider the best course of action at this stage is to grant Appellant's request to file an amended statement. Accordingly, we order as follows:

> (1) Appellant shall file of record and serve upon the PCRA court an amended Rule 1925(b) statement within twenty-one days of the date of this order.[3] Any claims not asserted in

---

[3] Upon receipt of this memorandum, the PCRA court shall immediately inform Appellant of the address at which the statement may be served upon the PCRA court pursuant to Pa.R.A.P. 1925(b)(3)(iii).

the amended statement, including claims of ineffective assistance of PCRA counsel, are waived.[4]

(2) Upon receipt of the amended statement, the PCRA court shall within thirty days supply an amended Rule 1925(a) opinion addressing any issues not covered by its prior opinion.

(3) The Clerk of Courts shall thereafter promptly certify and transmit the supplemental record to this Court.

Upon receipt of the above documents, we shall determine whether new briefs or further remand is necessary.

Case remanded with instructions. Panel jurisdiction retained.

---

[4] **Compare Commonwealth v. Parrish**, 273 A.3d 989, 1002 (Pa. 2022) (holding claims of ineffective assistance of PCRA counsel were properly raised at the first opportunity in a corrected Rule 1925(b) statement) **with Commonwealth v. Womack**, 289 A.3d 86, 2022 WL 17099016 at *3 (Pa.Super. 2022) (non-precedential decision) (ruling claims of PCRA counsel ineffectiveness waived because they were not included in the Rule 1925(b) statement); and **Commonwealth v. Alston**, 279 A.3d 1283, *7 (Pa. Super. 2022) (non-precedential decision) (same).